Lina Stillman, Esq.
Stillman Legal, P.C.
42 Broadway, 12t Floor
New York, New York 10004
Tel (212) 203-2417
www.stillmanlegalpc.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JOSE ROMAN *individually and*
*on behalf of others similarly*
*situated*

                        Plaintiffs,


                        v.

SEAFON INC. (DBA LIT 21), ALBANO SEABRA,
AMERICO JR. SEABRA and ANTONIO SEABRA

                        Defendants,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**Case No:**

**29 U.S.C. § 216(b) COLLECTIVE**
**ACTION & F.R.C.P. 23  CLASS**
**ACTION**

**COMPLAINT**


Plaintiff JOSE ROMAN (hereafter referred to as "Plaintiff"), brings this Action on

behalf of himself and other similarly situated employees of SEAFON INC. (DBA LIT 21),

ALBANO SEABRA, AMERICO JR. SEABRA and ANTONIO SEABRA (collectively, the

"Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 *et*

*seq.* and the New Jersey State Wage and Hour Law, NJSA §34:11-56 *et seq*

("NJWHL"), and alleges as follows:

## INTRODUCTION

1.      This action is brought by Plaintiff, on behalf of himself as well as other

employees similarly situated, against Defendants for alleged violations of the Federal

Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New Jersey State Wage

and Hour Law, NJSA §34:11-56 *et seq* ("NJWHL"), arising from Defendants' various willful

and unlawful employment policies, patterns and/or practices.

2.      This Complaint seeks to recover unpaid overtime compensation for Plaintiff Roman.

3.      Plaintiff is a former employee of Defendant SEAFON INC. (DBA LIT 21), a New Jersey Corporation with a principal place of business located at 1034 McCarter Hwy, Newark, NJ 07102, and its principal, Defendants ALBANO SEABRA, AMERICO JR. SEABRA and ANTONIO SEABRA, where Plaintiff was employed as a cook for Defendants' company in Newark, New Jersey.

4.       Plaintiff was paid $16 per hour from 2019 until 2020 and $18 per hour from 2021 until 2022 and was not paid any overtime, despite working 80 to 90 hours per week.

5.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff and the FLSA collective employees to work more than 40 hours per week without providing them with any additional compensation.

6.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by failing to pay its employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

7.      Accordingly, Plaintiff now brings this Action on behalf of himself and those other similarly situated individuals for federal and state claims relating to unpaid overtime wages, failure to maintain records pursuant to the FLSA, 29 USC §§ 201 et seq., and the NJWHL, NJSA §34:11-56 et seq.

8.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the

2

Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and/or (4) attorneys' fees and costs.

9.    By reason of such willful violations Plaintiff asserts he is entitled to recover from the Defendants (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and/or (4) attorneys' fees and costs, pursuant to the FLSA and NJWHL.

## JURISDICTION AND VENUE

10.    This Court has original federal question jurisdiction over this controversy under 29 U.S.C.§216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

11.    Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

### Plaintiff

12.    Plaintiff JOSE ROMAN is and was at all times relevant hereto an individual residing in Newark, New Jersey.

13.    Plaintiff was employed by Defendant SEAFON INC. (DBA LIT 21) at its company located at 1034 McCarter Hwy, Newark, NJ 07102, from on or about February 18, 2019, until November 8, 2022, as a cook.

14.    At all times relevant hereto, Plaintiff ROMAN was a covered employee within the meaning of the FLSA and the NJWHL.

### Defendants

15.    Defendant SEAFON INC. (DBA LIT 21) is, upon information and belief, a duly organized New Jersey business corporation organized under the laws of the State of New Jersey with a principal address at 1034 McCarter Hwy, Newark, NJ 07102.

16.    Upon information and belief, Defendant SEAFON INC. (DBA LIT 21) is engaged in interstate commerce in that it relies heavily on products that have been transported across state lines and generates annual gross revenues in excess of $500,000 per year, independent of excise taxes, for each year relevant to Plaintiff's claims. a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

17.    Upon information and belief, Defendants ALBANO SEABRA, AMERICO JR. SEABRA and ANTONIO SEABRA are a principal/Officers of Defendant SEAFON INC. (DBA LIT 21).

18.    Upon information and belief, and at all times relevant to the claims herein, Defendants ALBANO SEABRA, AMERICO JR. SEABRA and ANTONIO SEABRA: (i) were known as and referred to as "Boss" by Plaintiff and the other similarly situated employees of Defendant SEAFON INC. (DBA LIT 21), ALBANO SEABRA, AMERICO JR. SEABRA and ANTONIO SEABRA known as "Boss" to Plaintiff; (ii) determined the wages and compensation of the employees of Defendants, including Plaintiff; and (iii) established work schedules and workload of the employees, maintained employee records, and had the authority to hire and fire employees.

19.    Defendants ALBANO SEABRA, AMERICO JR. SEABRA and ANTONIO SEABRA in fact did hire Plaintiff, determined his work assignments, workload, and schedule, and determined/calculated his pay, rate of pay and hours worked.

4

20.    Defendants ALBANO SEABRA, AMERICO JR. SEABRA and ANTONIO SEABRA acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NJWHL §34:11-4.1 and the regulations thereunder.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21.    Plaintiff brings this action individually and on behalf of all other and former non-exempt construction workers who have been or were employed by the Defendants for up to the last three (3) years, through the entry of judgment in this case (the "Collective Action Period") and who have not compensated at least the overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

22.    With respect to his NJWHL claims, Plaintiff asserts the same pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two (2) years before the filing of the Complaint in this case as defined herein (the "Class Period").

23.    All said persons, including the plaintiff, are referred to herein as the "Class."

24.    The Class members, numbers, and identities, are readily ascertainable and may be determined from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from the Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under the F.R.C.P

*Numerosity*

25.    The proposed Class is so numerous that the joinder of all members is

5

impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

### *Commonality*

26.    There are questions of law and fact common to the Class which dominate over any questions affecting only individual class members, including:

a.    Whether Defendant employed the Plaintiff and the Class within the meaning of the NJWHL;

b.    Whether the Plaintiff and Class members are entitled to and paid overtime under the NJWHL;

c.    Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or timely thereafter;

d.    At what common rate, or rates subject to the common method of calculation was and are Defendants required to pay the Class members for their work;

### *Typicality*

27.    Plaintiff's claims are typical of those which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained

similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

### *Adequacy*

28.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in successfully prosecuting both class action and wage and hour employment litigation cases.

### *Superiority*

29.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk

of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

30. Upon information and belief, Defendants and other employers throughout the state violate the NJWHL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

31. Plaintiff consents to being named a party herein, pursuant to 29 USC § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

## COMMON FACTUAL ALLEGATIONS
### Defendants Constitute Joint Employers

32. Defendants owned and operated SEAFON INC. (DBA LIT 21), a corporate entity principally engaged in the food services industry. At all relevant times, Defendants SEAFON INC. (DBA LIT 21), ALBANO SEABRA, AMERICO JR. SEABRA and ANTONIO SEABRA possessed operational control over the Defendant Corporation; possessed an ownership interest in the Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

8

33.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff and the other class member employees by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, inter alia, the following:

    a.  failing to pay employees the applicable overtime rate for all time
        worked in excess of forty (40) hours per week;

34.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to Plaintiff and the other class members.

35.    Defendant SEAFON INC. (DBA LIT 21), under the direct supervision and authority of Defendants ALBANO SEABRA, AMERICO JR. SEABRA and ANTONIO SEABRA, acted in the interest of the Defendants with respect to its employees, the rate of and method employee compensation was paid, and shared joint control over their employees.

36.    At relevant times, Defendants SEAFON INC. (DBA LIT 21), ALBANO SEABRA, AMERICO JR. SEABRA and ANTONIO SEABRA possessed substantial control over Plaintiff and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

37.    Defendants SEAFON INC. (DBA LIT 21), ALBANO SEABRA, AMERICO JR. SEABRA and ANTONIO SEABRA jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiffs' and all similarly situated individuals' employers within the meaning of 29 USC 201 et seq. and the NJWHL.

38.    Defendants SEAFON INC. (DBA LIT 21), ALBANO SEABRA, AMERICO JR. SEABRA and ANTONIO SEABRA constitute a single employer of Plaintiff and/or similarly situated individuals, as any business divisions between them are fictional.

39.    At all times relevant hereto, Defendants SEAFON INC. (DBA LIT 21), ALBANO SEABRA, AMERICO JR. SEABRA and ANTONIO SEABRA were Plaintiffs' employers within the meaning of the FLSA, NJWHL, and other applicable laws. Such Defendants had the authority and power to hire and fire Plaintiff, and other similarly situated employees, control the terms and conditions of their employment, including work assignments and hours, and determine the rate and method of any compensation in exchange for Plaintiffs' services. Indeed, Defendants supervised Plaintiff's work schedule and conditions of his employment.

40.    Defendants are aware of and by law are charged with the knowledge that under the FLSA, Defendants are required to pay employees performing non-exempt duties, including Plaintiff and the other class members, overtime pay at a one-and-one-half the regular rate for work in excess of forty (40) hours per work week.

41.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully owed wage, at least the lawfully overtime compensation of one and one-half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

42.    While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

**Plaintiff JOSE ROMAN**

43.    From on or about February 18, 2019, until November 8, 2022, Plaintiff was

employed by Defendants to work as a cook at SEAFON INC. (DBA LIT 21) located at 1034 McCarter Hwy, Newark, NJ 07102.

44.    Plaintiff worked from Tuesday to Sunday, from 2:00 P.M. to 3:00 A.M., on Thursdays and Fridays from 10:00 A.M. until 11:00 P.M., on Saturdays from 10:00 A.M. until 10:00 P.M. and on Sundays from 10:00 A.M. until 2:00 A.M. Plaintiff worked approximately 80 hours per week.

45.    At all relevant times, Defendants did not possess a time clock in order to record, document, and memorialize Plaintiff's work hours, and Plaintiff was not required to record his hours of work otherwise.

46.    At all relevant times, Plaintiff was paid $16 per hour from 2019 until 2020 and $18 per hour from 2021 until 2022. The defendants paid him in a combination of cash and check. He was paid approximately $965 weekly.

47.    Defendants never paid Plaintiff overtime for those hours he work beyond forty (40) hours per week.

48.    Defendants did not provide Plaintiff with each payment of wages an accurate statement of wages and never provided Plaintiff with written notice of his rate of pay, employer's regular payday, and such other information as required.

**Defendants' General Employment Practices**

49.    As part of their regular business practices Defendants required Plaintiff to work without paying Plaintiff the proper overtime wages required by law.

50.    By employing this practice, Defendants avoided paying Plaintiff at the overtime rate of time and a half for all of his hours worked in excess of forty (40) hours per week.

51.    Defendants failed to post the statutorily required wage and hour posters and

did not provide Plaintiff with statutorily required wage and hour records or statements of

pay received, in part so as to hide Defendants' violations of the wage and hour laws, and

to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

52.    Upon information and belief, these practices by Defendants were done

willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying

Plaintiff properly for (1) his full hours worked, (2) for overtime due.

53.    Defendants failed to provide Plaintiff and other employees, at the time of

hiring and on or before January of each subsequent year, a statement in English and the

employee's primary language, containing: the rate or rates of pay and basis thereof,

whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances,

if any, claimed as part of the minimum wage; the regular payday designated by the

employer; the name of the employer; any "doing business as" names used by the employer;

the physical address of the employer's main office, a mailing address if different; and the

telephone number of the employer, as required by law.

## **STATEMENT OF CLAIMS**

### **COUNT I.**
### **[Violations of the Fair Labor Standards Act—Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]**

54.    Plaintiff on behalf of himself and the other similarly situated class members,

re-alleges and incorporates by reference all allegations in all preceding paragraphs as

though fully set forth herein.

55.    At all times relevant to this action, Defendants were Plaintiff's' employers

within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the

power to hire and fire Plaintiff, control the terms and conditions of employment, and

determine the rate and method of any compensation in exchange for his employment.

56. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

57. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

58. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of his unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

59. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

60. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to the Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

61. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

62.    Defendants willfully failed to notify the Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

63.    Throughout the relevant time period, Plaintiff and the FLSA collective worked in excess of forty (40) hours per workweek.

64.    At all relevant times throughout his employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek even though Plaintiff and the similarly situated class members were entitled to receive overtime payments, all in violation of 29 USC § 207 (a)(1).

65.    At all relevant times throughout Plaintiff and the class members' employment, Defendants willfully, regularly, and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for hours worked in excess of forty (40) hours per workweek.

66.    Defendant's failure to pay Plaintiff overtime compensation was willful within the meaning of 29 USC § 255(a).

67.    Defendants, in violation of the FLSA, failed to pay Plaintiff ROMAN agreed-upon wages by virtue of their withholding policies and chargeback policies as described herein.

68.    Defendants acted willfully in their violations of the FLSA's requirements.

69.    Plaintiff and the class members seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this

Court deems just and proper damaged in an amount to be determined at trial.

## COUNT II.
### [Violation of New Jersey Labor Law—Overtime Pay Brought on behalf of Plaintiff and Rule 23 Class]

70.    Plaintiff on behalf of himself and the other similarly situated class members, re-alleges and incorporates by reference all allegations in all preceding paragraphs as though fully set forth herein.

71.    At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate to which Plaintiff and the class are entitled.

72.    Defendants' failure to pay Plaintiff was not in good faith.

73.    By reason of Defendants' failure to pay Plaintiff and the class, Plaintiff and Class Members are entitled to recover from Defendants their full unpaid overtime pay, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs, and disbursement of the action pursuant to NJWHL §§34:11-56a *et seq*

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, on behalf of himself and the FLSA Collective Plaintiff and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief: Authorizing the Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of a court-supervised notice, been employed by Defendants as non-

exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

a) Certification of this case as a collective action pursuant to FLSA;

b) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing the Plaintiff and their counsel to represent the Collective Action Members;

c) A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

d) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

e) An award of unpaid overtime wages due under FLSA NJWHL plus compensatory and liquidated damages;

f) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the overtime compensation pursuant to 29 U.S.C. §216;

g) An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to overtime compensation, pursuant to the NJWHL;

h)    An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

i)    The cost and disbursements of this action;

j)    An award of prejudgment and post-judgment fees; and

k)    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: June 7, 2023

                                        By: _____
                                              Lina Stillman
                                        **STILLMAN LEGAL P.C**
                                        42 Broadway, 12th Floor
                                        New York, New York 10004
                                        Telephone: (212) 203-2417
                                        *Attorneys for Plaintiff*